NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 14 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANNIVERSARY MINING CLAIMS, LLC, | No. 22-16687 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-00458-JCM-DJA |
| v. | |
| UNITED STATES OF AMERICA; et al., | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| CLARK COUNTY, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted December 12, 2023**
San Francisco, California

Before: GOULD, KOH, and DESAI, Circuit Judges.

Anniversary Mining Claims, LLC ("AMC"), appeals the district court's

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismissal with prejudice of its claim brought under the Quiet Title Act ("QTA"), 28 U.S.C. § 2409a. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

After the district court previously dismissed AMC's claim for lack of subject matter jurisdiction, a Ninth Circuit panel affirmed in part, reversed in part, and remanded to the district court for further proceedings. *Anniversary Mining Claims, LLC v. United States* (*AMC I*), 859 F. App'x 93, 96 (9th Cir. 2021) (mem.). The panel stated that, on remand, AMC would "be permitted to assert only a single cause of action under the QTA alleging an easement by necessity arising out of the 1952 condemnation." *Id.* at 95. The panel specifically noted that AMC would still have to satisfy the QTA's requirements by "plead[ing] with specificity how the 1952 condemnation satisfies all the elements required to create an easement by necessity over the [Anniversary Mine/Narrows] Road." *Id.*

On remand, AMC again failed to meet the QTA's heightened pleading requirements. The most significant amendments to AMC's complaint are confined to three sentences that essentially just recite the three elements of an easement by necessity under *Fitzgerald Living Trust v. United States*, 460 F.3d 1259 (9th Cir. 2006).[1] Such "[t]hreadbare recitals" of a cause of action are insufficient to state a

---

[1] Under *Fitzgerald*, "[a]n easement by necessity is created when: (1) the title to two parcels of land was held by a single owner; (2) the unity of title was severed by a conveyance of one of the parcels; and (3) at the time of severance, the easement was necessary for the owner of the severed parcel to use his property." 460 F.3d at 1266.

claim, let alone satisfy the QTA's heightened pleading requirements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see* 28 U.S.C. § 2409a(d) (requiring complaint to "set forth with particularity the nature of the right, title, or interest which the plaintiff claims in the real property," as well as "the circumstances under which it was acquired"). AMC has presented no allegations that its predecessors in interest ever had title to the Anniversary Mine/Narrows Road; that such title was conveyed; or that, "at the time of severance," the easement was necessary for AMC's predecessors in interest to use the property.[2] *Fitzgerald*, 460 F.3d at 1266. This is despite the fact that, during oral argument before the previous Ninth Circuit panel, AMC apparently "supplied additional facts about the [Anniversary Mine/Narrows] Road relating to that alleged easement." *AMC I*, 859 F. App'x at 95. Given that there has now been a "repeated failure to cure deficiencies by amendments previously allowed," the district court acted within its discretion in denying AMC further leave to amend.[3] *Zucco Partners, LLC v. Digimarc Corp.*,

---

[2] Indeed, there is no indication that AMC's predecessors in interest even used the Anniversary Mine/Narrows Road before 1952.

[3] AMC argues that, notwithstanding its "inartful pleading," "dismissal with prejudice was too harsh" and it should be afforded the opportunity to try to plead its claim with the help of new counsel. However, this is the fourth lawsuit by AMC or its predecessors in interest seeking an easement across the Anniversary Mine/Narrows Road. *See Bob Moore, LLC v. United States*, No. 15-cv-660-GMN-PAL, 2016 WL 1171001 (D. Nev. Mar. 23, 2016); *Anniversary Mining Claims, LLC v. United States*, No. 16-cv-932 JCM (GWF), 2017 WL 600763 (D. Nev. Feb. 14, 2017); *Anniversary Mining Claims, LLC v. Clark County*, No. A-18776140-C

552 F.3d 981, 1007 (9th Cir. 2009).

Additionally, AMC's allegations regarding the 1952 condemnation relate to "a separate road on the other side of [AMC's] parcel" from the Anniversary Mine/Narrows Road.  AMC argues that *Fitzgerald* does not require "that the particular area upon which an easement is necessitated be the area that was previously owned and severed."  Yet it provides no support for this reading of *Fitzgerald*, nor any authority maintaining that an easement by necessity can lie on a parcel that was unaffected by the alleged severance.  AMC's current theory therefore also fails as a matter of law.

**AFFIRMED**.

---

(Nev. 8th Jud. Dist. Ct., filed June 14, 2018); *Anniversary Mining Claims, LLC v. United States*, No. 19-cv-458 JCM (CWH), 2020 WL 1433522 (D. Nev. Mar. 30, 2020).  None of these suits have been successful thus far, and there is no indication that additional facts exist that would merit AMC filing a fifth complaint.